IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN JONES, <br> TDCJ No. 1887186, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-1684-S-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, filed in 2022, Petitioner Justin Jones, a Texas prisoner, collaterally attacks his 2013 Dallas County convictions for aggravated robbery with a deadly weapon and for murder. *See* Dkt. Nos. 3, 4.

His application has now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. The State responded to the application and first argues that it should be dismissed with prejudice as time barred. *See* Dkt. No. 39. And Jones replied. *See* Dkt. Nos. 46-50.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the federal habeas petition with prejudice as barred by the applicable statute of limitations.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

"introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of

limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications – Jones's is no exception – is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231,

2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

On September 10, 2013, Jones entered negotiated pleas of guilty: he pled guilty as charged to the two aggravated robberies and was sentenced to terms of 30 years of imprisonment, *see State v. Jones*, Nos. F12-16773-I, F12-61705-I (Crim. Dist. Ct. No. 2, Dall. Cnty., Tex. Sept. 10, 2013) [Dkt. No. 40-1 at 90-97; Dkt. No. 40-27 at 90-97], and, while he was charged with capital murder, he pled guilty to murder and was sentenced to life imprisonment, *see State v. Jones*, No. F12-61728-I (Crim. Dist. Ct. No. 2, Dall. Cnty., Tex. Sept. 10, 2013) [Dkt. No. 40-5 at 85-93].

Jones did not appeal. *See, e.g.*, Dkt. No. 3 at 3. And he did not file state habeas petitions concerning these convictions until July 2021. *See Ex parte Jones*, W12-16773-I(A), W12-61705-I(A), W12-61728-I(A) (Crim. Dist. Ct. No. 2, Dall. Cnty., Tex.) [Dkt. No. 40-1 at 19; Dkt. No. 40-27 at 19; Dkt. No. 40-5 at 19]; *see also Ex parte Jones*, WR-93,067-01, -02, -03 (Tex. Crim. App. Dec. 8, 2021) (denying habeas relief without written order).

So his state criminal judgments became final for federal-limitations purposes on the thirtieth day after the state judgments were imposed that was not a Saturday, Sunday, or legal holiday – which was on October 10, 2013. *See* TEX. R. APP. P. 26.2(a)(1). And, "[b]ecause [Jones's] state habeas petition[s were] not filed within the one-year period" that commenced on that date, they "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application, filed no sooner than July 20, 2022, *see* Dkt. No. 3 at 14, was filed more than eight years too late and should be denied as untimely under Section 2244(d)(1)(A) absent tolling of the limitations period.

Jones neither explains how another provision of Section 2244(d)(1) could apply here nor advances a claim of tolling under the narrow actual innocence gateway.

But, through a Motion to Suppress Time Barr Recommendation, filed after his reply, Jones does argue that "[t]he state court did not forward [to him] legal notification in regards to the illegal and unlawful conviction until October 2016 which was over 3 year the period the Respondent claim was expired," which he claims made it "impossible for [him] to meet the time limitation." Dkt. No. 47. Jones offers no evidence to support this argument, belied by the state court record – namely his September 2013 judicial confessions. And, even if the Court were to accept it, Jones's argument – that he did not know until October 2016 that he should challenge his convictions – fails to show that he acted with reasonable diligence where he did not file his state petitions until July 2021.

Jones has therefore also failed to establish equitable tolling. And the Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation

The Court should dismiss Petitioner Justin Jones's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 16, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE